Samuel A. Spiegel, J.
This is a motion by plaintiff for summary judgment and cross motion by defendants for summary judgment in this action based upon a January 4, 1965 resolution of the board of directors of plaintiff, a redevelopment housing corporation, providing for the resale of its common shares of stock in excess of the par value. Specifically the challenged resolution provided that an incoming co-operative tenant pay for the shares their "par value plus the proportionate share of the corporate mortgage amortization as reflected on a per share basis”. The mortgage was a 25-year self-liquidating one which would be paid off in August, 1986. At that time the real estate tax abatement, which is presently in effect, would terminate as well. Therefore, as plaintiff’s president asserts, the resolution was intended to prevent a recent purchaser from acquiring a "windfall”. This concern was increased by the juxtaposition of the apartment building to Lincoln Center.
Pursuant to section 108 of article 5 of the Private Housing Finance Law, for redevelopment companies, the consideration paid for the common shares in the redevelopment company for an apartment "shall equal a valuation approved by the supervising agency”, which in this instance is the defendant Housing and Development Administration of the City of New York.
This article also provides for other and various acts of supervision and control, even to the extent of removal of the board of directors for violations "of any provision of its [the *94 company’s] certificate or of law or any rules and regulations promulgated pursuant to the provisions of this article” (Private Housing Finance Law, § 120, subd 4). Admittedly, the plaintiff was formed in accordance with this law and is therefore bound by its terms. Consequently, although the resolution passed by the board of directors was allegedly proper under section 402 of the agreement between the City of New York and plaintiff, approved by the then supervising agency, the supervising agency has rejected the resolution. Rejection and disapproval by the agency has demonstrably been expressed in letters of January 20, 1965, December 17, 1965, February 27, 1970, May 5, 1971 and May 11, 1971 between the parties. It is the supervising agency’s ability to reject the resolution which is challenged and not the decision itself.
Clearly, the controlling statutory provisions grant to the defendant, administrative agency, the right to act as it has herein. In fact the board of directors are bound by the statute to follow the rule and regulation so promulgated by the supervising agency which provides for the sale of shares of stock at par value and no more. Further, since the intent of the legislation was to provide housing, in redeveloped substandard and insanitary areas, to low and middle income families (Private Housing Finance Law, § 101), authority could not be given to the board of directors which could interfere with this policy. Therefore, the defendant has acted within its permissible bounds in disapproving of the resolution. In fact, defendants are entitled to enforcement of the policy of sale of the shares of stock at par value (City of New York v Aguilar Gardens, NYLJ, June 22, 1966, p 14, col 6, affd 27 AD2d 802).
Plaintiff’s action is also untimely since over 8 Vi years had elapsed from the time of the initial rejection of the resolution to commencement of this action. The only applicable time limitation is the four-month limitation against a body or officer of CPLR 217. Even if the letter of February 27, 1970 or the one of May 11, 1971 were the applicable commencement date for the time limitations the action is still untimely.
Accordingly, plaintiff’s motion is denied, and the cross motion is granted.